UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GAIL ANNE ANDERSON,**

    Plaintiff,

v.    Case No: 5:14-cv-528-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    Defendant.

# ORDER

Plaintiff sought disability and disability insurance benefits (DIB) and Supplemental Security Income (SSI) on November 5, 2012, with an asserted onset date of May 25, 2011. After a hearing, where Plaintiff testified, and after submitting interrogatories to a medical doctor to help consider whether Plaintiff met a listing (as the ALJ said he would do—see Tr. 66), the ALJ issued a partially favorable decision. The ALJ found that the Plaintiff was not disabled prior to March 8, 2014, but that she was thereafter. Plaintiff timely appeals the unfavorable part of the decision. Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **AFFIRMED.**

**I.    BACKGROUND**

At the time of the ALJ's decision, Plaintiff was fifty-five years old. The parties agree that she had at least a high school education and past relevant work as a head cashier, retail store manager, customer service representative, and animal attendant. She claims disability as a result of chronic obstructive pulmonary disease (COPD), scoliosis, arthritis in her hips and knees, and congestive heart failure. She also complained of peripheral arterial disease (PAD).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, arthralgias of the knees and hips, COPD, severe hyper tension, aortoililiac disease, scoliosis, and peripheral arterial insufficiency. The ALJ then found that the Plaintiff did not have an impairment or combination of impairments that met or medically equalled a listing.

The ALJ found that the Plaintiff had the residual functional capacity to perform light work, with numerous limitations. (Tr. 13). Based upon her RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform since May 25, 2011 to March 8, 2014, but not thereafter, such as table attendant, box office cashier, and price merchandise marker. Accordingly, the ALJ determined that Plaintiff was not disabled prior to March 8, 2014, but was disabled thereafter.

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.

*McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).  Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  This is clearly a deferential standard.

### III.   DISCUSSION

Plaintiff sets forth four related issues here.  She contends that the ALJ failed to consider Listing 4.12 for peripheral arterial disease.  She also claims that although the ALJ sent interrogatories to Dr. Lebeau, he should have sent Plaintiff for additional studies related to her PAD.  And, as to Dr. Lebeau, Plaintiff contends that the ALJ failed to properly weigh this medical opinion.  Lastly, Plaintiff contends that the ALJ failed to properly evaluate her credibility.

####    A.   The Listing and Dr. Lebeau

1. In his opinion, the ALJ discussed generally that Plaintiff does not meet a listing, specifically discussed listing 1.02 and 1.04, and also specifically discussed the opinion of Dr. Lebeau, who stated that Plaintiff did not meet or equal a listing impairment, noting the opinion was qualified by Dr. Lebeau's acknowledgment that "so much data is lacking."  Significantly, Dr.

Lebeau was sent interrogatories to help the ALJ evaluate the listings. Indeed, at the hearing, the ALJ had a discussion with Plaintiff about her peripheral arterial disease and the ALJ's plan to send interrogatories. (See Tr. 63, 66). In his written opinion, although he didn't mention Listing 4.12, the ALJ clearly discussed Dr. Lebeau's opinion and noted that "Jack Lebeau, M.D., reviewed all the medical evidence in this matter and responded to a set of medical interrogatories from the undersigned concerning the claimant's health." (Tr. 12). Further, the ALJ noted that Dr. Lebeau "reported the claimant had peripheral arterial insufficiency of the legs with claudation." (Tr. 12).

Accordingly, I cannot conclude that the ALJ failed to consider the listings, including Listing 4.12; indeed, the record suggests that he did. The ALJ's failure to specifically mention the Listing is not dispositive. *See e.g., Hutchison v. Bowen*, 787 F.2d 1461, 1463–64 (11th Cir. 1986) (finding that a claimant does not meet a listing can be implicit).

In any event, as the Commissioner argues, Plaintiff did not establish that she met the listing, and it was her burden to do so. A plaintiff must present specific findings that meet the various tests listed under the applicable listing. *See Bell v. Bowen*, 796 F.2d 1350, 1354 (11th Cir. 1986). Mere diagnosis of a listed impairment is not enough as the record must contain corroborative medical evidence supported by clinical and laboratory findings. *See Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Indeed, here, Listing 4.12 requires the pulse volume recording that Plaintiff had <u>and</u> a diagnosis of peripheral arterial disease "as determined by appropriate medically acceptable imaging", that Plaintiff did not have. Although it was recommended by a doctor in 2013 that she obtain a CT arteriogram, as her pulse volume recording was "suggestive of significant aortoiliac disease", unfortunately it doesn't appear that Plaintiff obtained that imaging.

2. The lack of imaging ties directly into Plaintiff's next argument, which is that the ALJ failed in his duty to develop the record. Although the ALJ has a basic obligation to fully and

fairly develop the record, Plaintiff —and not the ALJ—bears the burden of proving she is disabled, and thus, Plaintiff is responsible for producing evidence to support her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ's obligation to develop a full and fair record includes ordering a consultative examination if one is needed to make an informed decision. *See Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984). However, an ALJ is not required to order a consultative examination as long as the record contains sufficient evidence for the ALJ to make an informed decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1280–81 (11th Cir. 2001); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).

Here, Plaintiff acknowledges that the ALJ sent her for <u>two</u> consultative examinations—one in 2011 and another in 2013—and also submitted interrogatories to Dr. Lebeau to evaluate whether Plaintiff met a listing, but says that that the ALJ still needed to do more, especially since Dr. Lebeau noted a lack of data. Specifically, Plaintiff contends that in light of Dr. Lebeau's opinion, the ALJ should have sent her for studies to evaluate her PAD.

The commissioner makes a logical and compelling argument that since Plaintiff was deemed disabled as of March 8, 2014, prior to Dr. Lebeau's March 11, 2014 opinion, no further testing was necessary. Two examinations already occurred prior to March 8, 2014, with a non-examining consultant's opinion of March 26, 2013 that Plaintiff could perform light work, along with Dr. Lebeau's medical source statement of Plaintiff's ability to perform various work related activities (Tr. 341–46). As the government notes, since the Plaintiff didn't have imaging studies to support Listing 4.12 prior to March 8, 2014, and since she was deemed disabled thereafter, any imaging studies produced after March 11, 2014 would have no impact on her disability determination: "the ALJ did not have the ability to retroactively create evidence relating to an earlier time period." (Commissioner's brief, p.8–9).

3. Lastly, as to Dr. Lebaeu, Plaintiff contends that the RFC is inconsistent with Dr. Lebaeu's opinion related to the activities Plaintiff could perform. Specifically, Plaintiff argues that Dr. Lebaeu's opinion that she "could sit for two hours at a time for a total of eight hours in an eight hour workday, stand for fifteen minutes at a time for a total of one hour in an eight hour workday, and walk for fifteen minutes at a time for a total of one hour during an eight hour workday," conflicts with the ALJ's determination that she could perform light work.

However, as the commissioner argues, the RFC is clearly not without limitations. In fact, it is specifically limited insofar as it says: "the claimant has the residual functional capacity to perform light work as defined . . . except she must have the option to sit or stand at will without leaving the workstation." (Tr. 13). This limitation, which was part of the RFC, is consistent with Dr. Lebaeu's opinion.

### B.    Credibility

Finally, the Plaintiff complains that the ALJ failed to articulate reasons for discrediting her testimony. However, the ALJ stated that Plaintiff's credibility regarding her symptoms and ability to work was not consistent with the medical evidence, even while noting that the case does not contain a lot of medical records. Nevertheless, the ALJ did appropriately consider the available records, which were inconsistent with total disability as reported by the Plaintiff for the time period prior to March 8, 2014, such as the state agency physician's opinion that she was capable of light work (Tr. 125–27, 137–39), and Dr. Lebeau's medical source statement related to Plaintiff's ability to do various work-related activities. The ALJ also noted that she was living in her car with her dog. At the hearing, the Plaintiff testified that she lived in her car with her 64 pound dog, and that sometimes her son would care for it if she had doctor's appointments or went grocery shopping. She also reported that she would walk her dog "a little bit." Further, the ALJ

acknowledged that Plaintiff stated her greatest problem was the PAD and not her back.  He also noted and discussed findings from her medical visits, including findings from Dr. Choisser's examination that she had full range of motion in her hips, knees, and ankles, though she had pain there.  Also that her gait appeared normal, she could heel/toe walk, and that her grip strength and fine motor coordination were normal.

In short, the ALJ clearly reviewed the available medical records and opinions in assessing Plaintiff's credibility, and his determination is supported by substantial evidence.

## IV.  CONCLUSION

For the reasons stated above, the ALJ'S decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g).   The **Clerk is directed** to enter final judgment for the **Commissioner** and **close the file**.

**DONE and ORDERED** in Ocala, Florida on March 21, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties